UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MONGIA,<br><br>             Plaintiff,<br><br>     v.<br><br>CITY OF FRESNO, *et al.*,<br><br>             Defendant. | Case No. 1:23-cv-01234-JLT-EPG<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF No. 9).<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT; DENYING PLAINTIFF'S REQUEST TO APPOINT COUNSEL<br><br>(ECF No. 10).<br><br>ORDER DIRECTING THE CLERK'S OFFICE TO CORRECT DOCKET |

  Plaintiff Isaac Mongia, proceeding *pro se* and *in forma pauperis*, initiated this civil action by filing a complaint on August 18, 2023. (ECF No. 1). On October 20, 2023, Plaintiff filed a motion for leave to amend his complaint. (ECF No. 7). On November 11, 2023, the Court granted Plaintiff's motion and directed Plaintiff to file an amended complaint "within 90 days of this order." (ECF No. 8). On March 1, 2024, after Plaintiff failed to file an amended complaint by the requisite deadline, the Court issued an order for Plaintiff to show why his case should not be dismissed for failure to prosecute and failure to comply with a court order. (ECF No. 9). The

1

Court directed Plaintiff to "[f]ile a written response why this action should not be dismissed, without prejudice, for failure to prosecute and comply with a court order" or, alternatively "[f]ile his First Amended Complaint" within thirty days. (*Id.* at 2).

On April 1, 2024, Plaintiff filed a response to the Court's order to show cause. (ECF No. 10). Plaintiff states he has made some progress on his FAC but that the case Plaintiff has relied on as an example for his own FAC is not as helpful as he initially thought. (*Id.* at 2). Plaintiff states that it has been difficult to find cases that address the claims he intends to allege, i.e., "(1) false arrest; (2) potential deprivation of equal protection (in child abuse reporting/assault & battery); (3) retaliation (4) etc." (*Id.*) For that reason, Plaintiff requests that the Court appoint him counsel. (*Id.*) Plaintiff also requests additional time to file his amended complaint. (*Id.*) Further, Plaintiff states that he has attached a copy of his draft FAC as an exhibit to show the Court "what [he] has done so far and how much more work still needs to be done before [he] can file [his] First Amended Complaint."[1] (*Id.* at 2-3).

The Court will deny Plaintiff's request for the appointment of *pro bono* counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

It is too early in the case to determine Plaintiff's likelihood of success on the merits such that the interests of justice require the appointment of counsel. The Court has not yet screened

---

[1] Plaintiff's response does not include an attached exhibit. However, it appears that Plaintiff's exhibit was docketed as Plaintiff's First Amended Complaint on March 29, 2024. (ECF No. 9).

Plaintiff's complaint, Defendants have not yet been served, and discovery has not yet begun in this case. Moreover, it appears that the legal issues involved are not extremely complex and that Plaintiff can adequately articulate his claims.

Accordingly, the Court will deny Plaintiff's request for counsel without prejudice. Plaintiff can file another request for counsel at a later date. However, the Court will grant Plaintiff an additional forty-five (45) days to file his First Amended Complaint. Plaintiff is advised that failure to file his amended complaint by the Court's deadline may result in dismissal of this action.

Based on the foregoing, IT IS ORDERED that:

1. The Court's March 1, 2024 order to show cause (ECF No. 9) is DISCHARGED.
2. Plaintiff shall file his First Amended Complaint within forty-five (45) days of this order.
3. Plaintiff's request for the appointment of counsel is denied without prejudice.
4. Further, the Clerk of Court is respectfully directed to correct the docket to note Plaintiff's March 29, 2024 filing (ECF No. 9) as an exhibit to Plaintiff's response (ECF No. 10).

IT IS SO ORDERED.

Dated:   **April 2, 2024**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE