UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MONGIA,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF FRESNO, *et al.*<br><br>            Defendants. | Case No.   1:23-cv-01234-JLT-EPG<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED DUE TO PLAINTIFF'S PENDING STATE PROCEEDINGS<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Isaac Mongia proceeds *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 3, 18). On January 14, 2025, Plaintiff filed a Second Amended Complaint, which is now before the Court on screening. (ECF No. 18).

In his Second Amended Complaint, Plaintiff asserts claims arising from his detention and arrest for violating a restraining order in Fresno, California. However, it appears from state court records that Plaintiff has a state criminal case arising out of the arrest at issue in his complaint. Specifically, the Court takes judicial notice of The People of the State of California v. Isaac Mongia, Case No. M22906541, Fresno County Superior Court (filed Nov. 7, 2022).[1] According to the state court docket in that case, Plaintiff was arrested on April 22, 2022 and charged with disobeying a domestic relations court order. The current case status is listed as "open."

---

[1] A court "may take judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2016); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted).

1

As the Court explained in its prior screening order, this case may be subject to dismissal if state criminal proceedings concerning the save events at issue in the complaint are ongoing. Absent extraordinary circumstances, federal courts may not interfere with ongoing state criminal proceedings. Younger v. Harris, 401 U.S. 37, 43–54 (1971). This doctrine, called Younger abstention, is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." Id. at 43. "Younger abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, internal quotation marks, and citation omitted).

Alternatively, if Plaintiff's state case has resulted in a conviction, his claims in this matter may be barred under Heck v. Humphrey, 512 U.S. 477 (1994). "Under Heck, a § 1983 claim must be dismissed if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the conviction or sentence has already been invalidated." Zuegel v. Mountain View Police Dep't, No. 21-16277, 2024 WL 1007500, at *1 (9th Cir. Mar. 8, 2024).

The Court's prior screening order directed Plaintiff to specify in his amended complaint the current status of any state proceedings that followed his arrest. (ECF No. 15 at 13). Plaintiff, however, failed to provide this information in his Second Amended Complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff has thirty days from the date of this order to show cause as to why this case should not be dismissed pursuant to Younger or Heck.  Plaintiff's response should include information regarding any state proceedings resulting from the arrest at issue in his complaint in this case, including whether they are ongoing or have resulted in a conviction or dismissal.

\\\
\\\
\\\
\\\

2. Failure to respond to this order may result in dismissal of this case.

IT IS SO ORDERED.

Dated:  **February 12, 2025**           /s/ *Eric P. Groj*
                                        UNITED STATES MAGISTRATE JUDGE