UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MONGIA,<br><br>                    Plaintiff,<br><br>         v.<br><br>CITY OF FRESNO, *et al.*<br><br>                    Defendants. | Case No.   1:23-cv-01234-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE BASED ON (1) THE <u>YOUNGER</u> ABSTENTION DOCTRINE AND (2) PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE.<br><br>(ECF No. 19).<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS. |

Plaintiff Isaac Mongia proceeds *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 3, 18).

On February 12, 2025, the Court issued an order directing Plaintiff to show cause within thirty-days as to why this action should not be dismissed due to Plaintiff's state criminal proceedings under <u>Younger v. Harris</u>, 401 U.S. 37, 43–54 (1971), or <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). (<u>See</u> ECF No. 19). The Court warned Plaintiff that "[f]ailure to respond to this order may result in dismissal of this case." (<u>Id.</u> at 3).

The thirty-day deadline has passed, and Plaintiff has not responded to the Court's show cause order. Accordingly, the Court will recommend dismissal of this case without prejudice based on the <u>Younger</u> abstention doctrine as well as Plaintiff's failure to prosecute this case and failure to comply with the Court's show cause order.

**I.  Background**

The operative complaint is Plaintiff's Second Amended Complaint, filed January 14, 2025. (ECF No. 18). In his Second Amended Complaint, Plaintiff names as Defendants: the City of Fresno, seven Fresno Police Department officers, three individuals (Racquel Clifton, Armando Gonzalez, and Randy Clifton), and ten John Doe defendants. (Id. at 2–5). Generally, Plaintiff asserts claims arising from his detention and arrest for violating a restraining order in Fresno, California. (Id. at 14–30). Plaintiff seeks "general damages," punitive damages, and injunctive relief. (Id. at 14, 30–31).

As the Court noted in its order to show cause, it appears from state court records that Plaintiff has a pending state criminal case arising out of the arrest at issue in his Second Amended Complaint. Specifically, the Court takes judicial notice of The People of the State of California v. Isaac Mongia, Case No. M22906541, Fresno County Superior Court (filed July 15, 2022).[1] According to the state court docket in that case, Plaintiff was arrested on April 22, 2022 and charged with disobeying a domestic relations court order. The current case status is listed as "open."

The Court's prior screening order directed Plaintiff to specify in his Second Amended Complaint the current status of any state proceedings that followed his arrest. (ECF No. 15 at 13). Plaintiff, however, failed to provide this information in his Second Amended Complaint. Accordingly, on February 12, 2025, the Court ordered that:

> Plaintiff has thirty days from the date of this order to show cause as to why this case should not be dismissed pursuant to Younger or Heck. Plaintiff's response should include information regarding any state proceedings resulting from the arrest at issue in his complaint in this case, including whether they are ongoing or have resulted in a conviction or dismissal.

(ECF No. 19).

To date, Plaintiff has not filed a response to the Court's order to show cause. Nor has Plaintiff taken any action in this matter since filing his Second Amended Complaint.

---

[1] A court "may take judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2016); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted).

## II.   <u>Younger</u> Abstention

In <u>Younger</u>, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution absent special or extraordinary circumstances. 401 U.S. 37, 43–54 (1971). This doctrine, called <u>Younger</u> abstention, is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." <u>Id.</u> at 43. "<u>Younger</u> abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." <u>Arevalo v. Hennessy</u>, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, internal quotation marks, and citation omitted).

"Abstention is only appropriate when all four requirements are met." <u>Id.</u> "But even where the <u>Younger</u> factors are satisfied, 'federal courts do not invoke it if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" <u>Bean v. Matteucci</u>, 986 F.3d 1128, 1133 (9th Cir. 2021) (some internal quotation marks omitted) (quoting <u>Arevalo</u>, 882 F.3d at 765–66).

Here, all four <u>Younger</u> factors are satisfied. First, there is an ongoing state criminal prosecution. Second, state criminal prosecutions implicate important state interests. <u>Kelly v. Robinson</u>, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").

Third, there is an adequate opportunity in Plaintiff's state court proceeding, whether at the trial level or on appeal, to raise constitutional challenges. <u>See</u> <u>Penzoil Co. v. Texaco</u>, 481 U.S. 1, 15 (1987) (holding that federal courts should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"); <u>Kugler v. Helfant</u>, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.").

Fourth, a finding in favor of Plaintiff on his claims – including in particular his false arrest and unreasonable seizure claims – would have the practical effect of enjoining, or interfering, with the state court proceedings. See Jennings v. Leach, 2021 WL 12140262, at *2 (C.D. Cal. Mar. 9, 2021) ("Furthermore, a finding in favor of Plaintiff on his claims, including, but not limited to, his false arrest claim, would have the practical effect of enjoining the ongoing state judicial proceeding.") (internal quotation marks omitted).

Lastly, there are no extraordinary circumstances indicating that abstention would be inappropriate. Bean, 986 F.3d at 1133.

Accordingly, the Court recommends abstaining from interfering in Plaintiff's ongoing state criminal proceeding under Younger. See Gilbertson v. Albright, 381 F.3d 965, 979–82 (9th Cir. 2004) (explaining that, when applying Younger, claims for injunctive and declaratory relief are dismissed without prejudice, while claims for damages must be stayed pending resolution of the underlying state-court proceedings).

### III. Failure to Prosecute and Comply with a Court Order

The Court will also recommend dismissal of this case without prejudice based on Plaintiff's failure to prosecute this case and failure to respond to the Court's show cause order.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action or claims based on a plaintiff's failure to prosecute or comply with a court order. See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005). "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to

determine whether the delay in a particular case interferes with docket management and the public interest." Id. Here, Plaintiff's failure to file a response to the Court's order to show cause is delaying this case from moving forward. Allowing Plaintiff's claims to proceed further would waste judicial resources. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with a Court order that is causing delay and preventing this case from progressing. See In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994) ("The law presumes injury from unreasonable delay."). Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and to not comply with a Court order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Pagtalunan, 291 F.3d at 643.

After weighing these factors, the Court will recommend that this case be dismissed without prejudice.

**IV.     Conclusion and Recommendation**

Based on the above discussion, IT IS RECOMMENDED as follows:

1. This case be dismissed without prejudice based on the Younger abstention doctrine as well as Plaintiff's failure to comply with a court order and failure to prosecute.
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30)

days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __April 4, 2025__        /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE